# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

DANIEL ALLEN LE CLERC,

    Plaintiff,

v.                                          Case No. 3:24-cv-63-TJC-PDB

JOHN I. GUY and
MARK R. MILLER,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Duval County Jail, initiated this case by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He did not pay the filing fee, so the Court assumes he seeks to proceed in forma pauperis. Plaintiff names two Defendants – Circuit Court Judge John I. Guy and Attorney Mark R. Miller. Id.

Plaintiff alleges that on January 4, 2023, he received a "Petition for Termination of Parental Rights for Subsequent Adoption." Doc. 1-1 at 1. According to Plaintiff, a few days later, Defendant Guy conducted a "secret" hearing on the Petition via Zoom and Defendant Miller was present. Id. During the hearing, Defendant Guy advised Plaintiff that his three children were being placed in the home of prospective adoptive parents, and when Plaintiff asked if he could postpone the hearing until the court appointed him an attorney,

Defendant Guy refused Plaintiff's request. Id. Plaintiff then allegedly asked Defendants Guy and Miller if he could see his children before they were placed in foster care, to which Defendant Miller responded that he would need to discuss that request with "someone" first, though Plaintiff cannot remember who that "someone" was. Id. According to Plaintiff, Miller has made no further efforts to let Plaintiff see his children. Id. Plaintiff alleges this event caused him stress and anxiety. Id. at 2. As relief, he requests that the Court remove Defendant Guy from his judgeship, bar Defendant Miller from practicing law, and award Plaintiff monetary damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face."

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

As to Plaintiff's claims against Defendant Guy, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, were malicious, or exceeded his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Plaintiff complains about actions Defendant Guy took in his judicial capacity, he is entitled to absolute judicial immunity. Thus, Plaintiff fails to state a plausible claim for relief.

As to Plaintiff's claims against Defendant Miller, private attorneys are not state actors for purposes of suit under § 1983. Only in rare circumstances may a private party be viewed as a state actor for liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of these conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private party performed a public function that was traditionally the exclusive

4

prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise (nexus/joint action test). <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001). The allegations do not suggest that any of these circumstances are met. As such, Plaintiff fails to state a plausible claim for relief and this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Daniel Allen Le Clerc, #2019021114

5